UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVINA HARMAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) **Case No.:** |
| v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| ETOURANDTRAVEL, INC., | ) **JURY TRIAL** |
| | ) |
| Defendant | ) |

## COMPLAINT

DAVINA HARMAN ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., allege the following against ETOURANDTRAVEL, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Slippery Rock, Pennsylvania 16057.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its principal place of business located at 3626 Quadrangle Boulevard, Orlando, Florida 32817.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. At all relevant times, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one (1) year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in October 2014, and continuing through January 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

15. Defendant's automated messages identified its company as the caller.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Plaintiff disputes having ever provided Defendant consent to call her cellular telephone, as she did not sign up to receive promotional calls to book a vacation through Defendant.

18. Nevertheless, in October 2014, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

19. Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

20. Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

21. As a result, Plaintiff obtained counsel in order to stop Defendant's automated calls to her cellular telephone.

22. On December 9, 2014, the undersigned sent written correspondence to Defendant, advising the Plaintiff was represented by counsel and to cease and

desist all communications with Plaintiff, including all calls.  See Exhibit A, December 9, 2014, Letter of Representation.

23. Defendant received the undersigned's cease and desist letter on December 12, 2014.  See Exhibit B, USPS Tracking Information.

24. Defendant, however, continued to contact Plaintiff on her cellular telephone using an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

25. Specifically, Defendant called Plaintiff's cellular telephone on: December 26, 2014, at 11:59 a.m.; December 30, 2014, at 11:19 a.m.; December 31, 2014, at 1:09 p.m.; and January 2, 2015, at 2:27 p.m.

26. Plaintiff's experiences with calls by Defendant are quite similar to those alleged against Defendant in a class action filed in 2013 captioned in the Middle District of Florida, Orlando Division as, GONZALEZ v. ETOURANDTRAVEL, INC., et al., 6:13-CV-827-ORL-36-TBS.

27. Upon information and belief, Defendant continues to conduct its business in a manner that violates the TCPA.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

## COUNT I

28. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

29. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice and/or automatic telephone dialing system.

30. Defendant's calls to Plaintiff were not made for emergency purposes.

31. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

32. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

33. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

34. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVINA HARMAN, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DAVINA HARMAN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: January 15, 2015        By: */s/ Craig Thor Kimmel*
                                        CRAIG THOR KIMMEL
                                        Attorney ID No. 57100
                                        Kimmel & Silverman, P.C.
                                        30 E. Butler Pike
                                        Ambler, PA 19002
                                        Phone: (215) 540-8888
                                        Fax: (877) 788-2864
                                        Email:  kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT